# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

Martin Gomez,

    Plaintiff

v.

Suzuki Motor Corporation, Does I–X, and Doe Corporations I–X,

    Defendants

Case No. 2:13-cv-1570-JAD-VCF

**Order Granting Motion to Dismiss and Closing Case**

Plaintiff Martin Gomez was traveling near Zzyzx Road in the Mojave Desert on August 29, 2011, when the frame of his Suzuki motorcycle allegedly burst apart at the weld points.[1] He was traveling in traffic at about 63 miles per hour in the center lane of Highway I-15.[2] When the motorcycle pieces separated, Gomez crashed on the road and was propelled into the desert.[3] Two years later, Gomez filed this product-liability suit against Suzuki Motor Corporation.[4]

In the nearly 20 months since Gomez filed his complaint, he has failed to adequately prosecute his claims. On December 8, 2014, plaintiff's counsel Preston Rezaee, Esq., filed a motion

---

[1] Doc. 1 at 2–3.

[2] *Id.* at 3.

[3] *See id.*

[4] *See id.* at 1.

1

to withdraw from representation.[5] Rezaee's supporting affidavit states that "representation has been rendered unreasonably difficult by the client, as client as substantially failed to communicate with counsel, participate in prosecution of this matter, and cooperate in discovery."[6] The motion also represents that Gomez wanted Razaee, along with Razaee's law firm, to withdraw from this suit.[7]

The magistrate judge granted Rezaee's motion to withdraw, based in part on Gomez's statement that he no longer wished to be represented by Razaee or Razaee's firm.[8] The magistrate judge also alerted Gomez that, if he wished to proceed with his claims, "he must adhere to the Federal Rules of Civil Procedure, including those governing discovery, as well as the Local Rules of this court."[9] Gomez was directed to retain counsel or file a notice of pro se appearance within 30 days.[10] He was warned that, if he failed to comply with the magistrate judge's order, the court would "presume that [he] is no longer interested in pursuing his claim" and full dismissal of the lawsuit could follow.[11] That order was filed more than three months ago, and Gomez has filed nothing since.[12]

On March 6, 2015, defendant Suzuki moved to dismiss Gomez's claims for failure to

---

[5] Doc. 31.

[6] *Id.* at 3.

[7] *See id.* at 2. Plaintiff's counsel Ryan Alexander did not separately move to withdraw, but when the complaint was filed, Alexander and Razee were cocounsel who worked at the same firm. *See* Doc. 1 at 1. Based on his contact information in CM/ECF, it appears that Alexander has since changed firms.

[8] *See* Doc. 32 at 1. I read the magistrate judge's order as also terminating Alexander's representation.

[9] *Id.* at 2 (citing *Jacobsen v. Filler*, 790 F.2d 1362, 1364–65 (9th Cir. 1986).

[10] *Id.*

[11] *Id.*

[12] *See id.*

2

prosecute.[13]  Suzuki argues that Gomez has filed only a few documents that move this case forward: the complaint, a request for additional time to serve Suzuki in Japan, and a discovery plan.[14]  The proposed scheduling order—filed nine months ago on July 28, 2014—was the last paper that Gomez submitted.[15]  Gomez had until April 23, 2015, to oppose Suzuki's motion to dismiss.  Under Local Rule 7-2(d), "The failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion."  I find that Suzuki's motion is unopposed, has merit, and should be granted.  Gomez's claims against Suzuki Motor Corporation are dismissed.

Accordingly, with good cause appearing,

It is hereby ORDERED that Suzuki Motor Corporation's motion to dismiss **(Doc. 33) is GRANTED**.  Gomez's claims against Suzuki are all dismissed.

The Clerk of Court is instructed to **CLOSE** this case.

DATED April 29, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[13] Doc. 33.  Suzuki Motor Corporation, which brings this motion to dismiss, is incorporated in Japan and is the sole remaining named defendant.  Suzuki Motor of America, Inc., was dismissed with prejudice on August 27, 2014.  Doc. 30 at 1–2.

[14] *See* Doc. 33 at 4 (motion to dismiss).

[15] *See* Doc. 25.

3